IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING SECOND MOTION FOR** |
| ) | **RECONSIDERATION** |
| vs. ) | |
| ) | |
| Dederick Aldridge, ) | Case No. 1:20-cr-070 |
| ) | |
| Defendant. ) | |

Defendant is charged with three offenses: (1) conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and acetylfentanyl in violation of 21 U.S.C. § 846; (2) possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) distribution of fentanyl and acetylfentanyl in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Doc. No. 77).  Defendant's detention hearing was held on April 23, 2020. (Doc. 18).  At the close of the hearing, the undersigned detained defendant pending trial, finding that there was probable cause to believe that he had committed an offense listed in 18 U.S.C. § 3142(e)(3), but that he had not presented sufficient evidence to rebut the presumption of detention.  (Doc. No. 20).  In the course of making these findings, the undersigned considered the nature and circumstances of the offenses charged, the weight of the evidence, the history and characteristics of defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

On April 11, 2020, defendant filed an appeal of the detention order. (Doc. No. 22).  On June 2, 2020, the district court denied defendant's appeal, opining that the detention order was neither clearly erroneous nor contrary to established law.  (Doc. No. 30).

1

On February 23, 2021, defendant filed a Motion to Reconsider Order of Detention. (Doc. No. 115). On March 10, 2021, the undersigned judge issued an order denying defendant's motion. (Doc. No. 122).

On April 6, 2021, defendant field a second Motion to Reconsider Order of Detention. He requests to be released to a residential reentry facility pending trial, which was recently continued until June 21, 2021. Defendant's original trial date was September 22, 2020. Emphasizing that the latest continuance equates to a nine-month delay in his trial, he asserts that the length of his pretrial incarceration is oppressive and is a factor the court may consider in assessing a claimed Sixth Amendment speedy trial violation. He also emphasizes that the Pretrial Services Officer had originally recommended that he be placed at a residential facility.

On April 20, 2021, the United States file a response in opposition to defendant's motion. First, it notes that the court has never adopted the Pretrial Service Officer's recommendation. Second, it incorporates by reference its responses to defendant's appeal of the detention order and first Motion to Reconsider Order of Detention. Third, it asserts that defendant has presented nothing new to warrant reconsideration of the court's detention order, that the most recent continuance of trial was necessitated by a suppression motion filed by defendant on the eve of trial, and that the delay brought about by the ongoing court process is not in and of itself dispositive.

Under the Bail Reform Act, a judicial officer may reopen a detention hearing at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the [defendant's appearance] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The court appreciates that defendant's pretrial detention has extended beyond one year. However, there is no bright line limit on the length of pretrial detention. See e.g., United States v. Taylor, 602 Fed. App'x 713, 717 (10th Cir. 2015) (citation omitted) (noting that "pretrial detention for a lengthy period of time may implicate due process concerns" but "'the Constitution imposes no bright-line limit on the length of pretrial detention'"); United States v. Briggs, 697 F.3d 98, 101 (2d Cir. 2012) ("We have consistently held that due process places no bright-line limit on the length of pretrial detention."); United States v. Oury, 452 F. Supp. 3d 1364, 1370 (S.D. Ga. 2020) (holding that an approximately thirteen month pretrial detention, while a concern, did not violate due process).

Defendant has presented no new information to rebut the presumption of detention that exists in this case or to otherwise suggest that the delays about which he complains are largely and unjustifiably attributable to the United States. Rather, the record reflects that the pace of this case has been slowed in part because of the number of defendants, which has presented counsel with voluminous discovery to absorb and a motion to suppress that the court must address. Accordingly, the undersigned finds there have been no material changes in defendant's circumstances to warrant reconsideration of his custodial status. The length of defendant's pretrial detention in and of itself does not require that he now be released. Defendant's Second Motion for Reconsideration (Doc. No 156) is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated this 21st day of April, 2021.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court